# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ALBERT RIDGELL**                                                                                 **PLAINTIFF**

**VS.**                        **CASE NO. 5:16-cv-073-DPM**

**THE CITY OF PINE BLUFF, ARKANSAS, and**
**DEBE HOLLINGSWORTH, Individually**                             **DEFENDANTS**

## STIPULATED AND AGREED PROTECTIVE ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

**1.** Confidential Information obtained from the Defendants either directly or through their counsel, by Plaintiff or Plaintiff's counsel shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons.

**2.** Confidential Information includes, without limitation:

(a) Documents containing confidential personal information, such as social security numbers, contact information, medical information, dates of birth, financial information, disciplinary matters that would not be exempt from the mandates of the Arkansas Freedom of Information Act, and information and other matters requested by a party now or later.

(b) Any information produced by a party and declared by the party at the time of production to be Confidential Information. Materials that are designated as confidential that do not fall into one of the specific categories named in Section 2(a) should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by Bates number in a letter. A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue. If the parties can't

resolve the dispute, they must file a joint report pursuant to the Amended Final Scheduling Order, *No. 16 at 3*.

**3.** Except with the prior written consent of the Defendants, or pursuant to an Order of this Court no Confidential Information may be disclosed to any person other than Qualified Persons.

**4.** Qualified Persons include Plaintiff's counsel, any future counsel of record for Plaintiffs in this action, secretaries, para-professional assistants, experts, and other employees of counsel who are actively engaged in assisting counsel with this action, court personnel, witnesses at trial or deposition, and the jury. Qualified Persons specifically exclude members of the press or reporters, whether online or print.

**5.** Upon delivery of Confidential Information to Plaintiff's counsel, the Defendants (or Defendants' counsel) shall execute and submit to Plaintiff's counsel a document entitled Inventory of Confidential Documents Delivered in the format of the attached form. *See Exhibit 1*. Documents containing Confidential Information shall be stamped or otherwise marked confidential.

**6.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. No later than three years after the conclusion of this litigation, Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part. All Qualified Persons are barred from disclosing in any manner to anyone or any entity any Confidential Information obtained during the course of this proceeding.

**7.** Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

**8.** Confidential Information shall not be filed on the public docket. If practicable, it shall be redacted. Fed. R. Civ. P. 5.2. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

SO ORDERED.

*DPMarshall Jr.*
Honorable D.P. Marshall, Jr.
U.S. District Judge

2 January 2018
Date

PREPARED BY:

/s/ Amanda LaFever
Amanda LaFever, Ark. Bar No. 2012133
Post Office Box 38
North Little Rock, Arkansas 72115-0038
alafever@arml.org
Counsel for Defendants

APPROVED AS TO FORM:

/s/ Austin Porter, Jr.
Austin Porter, Jr.
Attorney at Law
323 Center Street, Suite 1300
Little Rock, AR 72201
(501) 244-8200
aporte5640@aol.com
Counsel for Plaintiff

# EXHIBIT 1

## INVENTORY OF CONFIDENTIAL DOCUMENTS PROVIDED

    I hereby submit the following documents, document pages, and depositions that are subject to the Protective Order for the protection of documents in *USDC, Eastern District of Arkansas; Albert Ridgell v. The City of Pine Bluff, Arkansas, and Debe Hollingsworth, Individually and in her Official Capacity as Mayor for the City of Pine Bluff, Arkansas, Case No. 5:16-cv-073-DPM*

List all documents, pages, and depositions submitted below.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATED: _____   SIGNATURE: */s/ Amanda LaFever*

1