# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**ALBERT RIDGELL**                                                    **PLAINTIFF**

**v.**                            **No. 5:16-cv-73-DPM**

**CITY OF PINE BLUFF, A Public Body**
**Corporate and Politic; and DEBE**
**HOLLINGSWORTH, In Her Individual**
**and Official Capacity as Mayor for the**
**City of Pine Bluff, Arkansas**                          **DEFENDANTS**

## ORDER

**1.** Ridgell's official-capacity claim against Mayor Debe Hollingsworth is dismissed without prejudice.

**2.** For the reasons stated on the record at the 1 May 2018 hearing, the Defendants' motion in limine, № 34, is partly granted and partly denied. By agreement, no one will mention that the Arkansas Municipal League may pay some of any judgment. The League's provision of defense counsel is out of bounds, too. The Court will inquire about connections to the League during voir dire. The related-case issues will be handled as discussed: no mention of the Jones settlement; otherwise, Defendants' request for exclusion is overruled with directions to both sides to keep the proof about the other disputes/cases to the essentials.

**3.** The Court is attaching its working drafts of (1) the voir dire, (2) the preliminary instructions, (3) the final instructions, and (4) the verdict forms. Please file any suggestions for the voir dire, and objections to the preliminary instructions, by Friday, 11 May 2018. We'll discuss the draft final instructions and draft verdict forms several times during the trial.

**4.** The Court forgot to say that counsel should have twenty-minute openings prepared. We'll try to do them Monday afternoon, but they may happen Tuesday morning.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_3 May 2018_

# (1) VOIR DIRE

**A.** Preliminaries

- Thank you for serving.  Echo "Called to Serve."

- A morning of speaking the truth, *voir dire* = twelve people good and true.

- All week.

- Urgent or extraordinary obligations this week?

- Rules of the Road:

  - Can I be completely fair and impartial?

  - Can I decide the case based solely on the evidence seen and heard in this courtroom, the law as explained by the Court, and my common sense?

  - Questions and Answers.  You = you and your immediate family.

  - Raise your hand, state your name, and answer.

- Can answer at the bench if uncomfortable answering a particular question in front of others.

- Eighteen, but all — Notepads.

- Questionnaires. Summary.   Confirm lawyers have.

- Case Sketch — Not evidence, just background

    i. This is a civil case.   In June 2007, Albert Ridgell was hired by the City of Pine Bluff, Arkansas, as the City Collector by then-mayor Carl Redus.   Debe Hollingsworth was elected mayor in November 2012, and was sworn in the following January.   About seven months later, in July 2013, Mayor Hollingsworth discharged Ridgell.   He was

reinstated in August, after appealing his discharge to the City Council. Ridgell was again discharged by Mayor Hollingsworth in October 2013. Ridgell contends that he was discharged because of his race, and in retaliation for having opposed discriminatory practices by Mayor Hollingsworth and Pine Bluff. Mayor Hollingsworth and Pine Bluff deny those claims. They say Ridgell was discharged for unsatisfactory job performance and insubordination.

- Introductions

  - Plaintiff = Albert Ridgell

    Lawyer = Austin Porter Jr.

- Defendants = City of Pine Bluff, and

    Mayor Debe Hollingsworth

    Lawyers = Amanda LaFever & John Wilkerson

- Witnesses [Read Lists]

- Know the parties?  Lawyers?  Witnesses?

**B.**   Call **Eighteen**, But All—Notepads

**C.**   General Background Questions

- Know other panel members?  Know lawyers or Court staff?  Know witnesses?

- Legal training or experience?  Deal with the law regularly through work?

- Prior jury service?

- Prior court experience?  Sued or been sued?  Witness?

- Religious convictions against sitting in judgment?

- Negative feelings about civil justice system?

- Too many lawsuits?

- If sue, then win?

**D**. Case-Specific Questions

**Remember, answer about you and your immediate family; approach to answer sensitive questions**

- Employed in personnel or human resources?

- Anyone ever employed by a city? A city-funded program? A county?

- Any prior experience with the Arkansas Municipal League? Ever worked for the League or done business with it? Arkansas Association of Counties? Southern States Police Benevolent Association?

- Anyone work regularly with Pine Bluff? With any city?

- Any experience with, or connection to, Pine Bluff?

- Any strong opinions about Pine Bluff?

- Any strong opinions about Mayor Hollingsworth?

- Anyone ever experienced race discrimination on the job?  Gender discrimination?

- Anyone ever made a claim or complaint about discrimination on the job?

- Anyone ever been retaliated against for opposing workplace discrimination?

**E.**    Juror Question Time

**F.**    The Unasked Question?

**G.**    Lawyers' Follow-Up Questions?  Fed. R. Civ. P. 47(a).

**H.**    Strikes for Cause.  Fed. R. Civ. P. 47(c).[*]

---

[*] **Rule 47. Selecting Jurors**

(a) EXAMINING JURORS. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it

**I.** Peremptory Challenges.  Fed. R. Civ. P. 47(b).[**]

_____

considers proper, or must itself ask any of their additional questions it considers proper.

(b) PEREMPTORY CHALLENGES. The court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870.

(c) EXCUSING A JUROR. During trial or deliberation, the court may excuse a juror for good cause.

**_Allen v. Brown Clinic,_ 531 F.3d 568, 572 (8th Cir. 2008).**
"To challenge a juror for cause, a party must show actual partiality growing out of the nature and circumstances of the case. A district court is required to strike for cause any juror who is shown to lack impartiality or the appearance of impartiality, and, absent abuse of discretion, we will not interfere with the district court's determination of juror qualifications. The district court is given broad discretion in determining whether to strike jurors for cause because it is in the best position to assess the demeanor and credibility of the prospective jurors."

[**] **28 U.S.C. § 1870**
"In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

- 8 -

- Three each side.

- Challenging Strikes. Race or Gender? *Batson*.***

**J.** Seat and Swear Jury.

"You and each of you do solemnly swear or affirm to well and truly try the matter now on trial and render a true verdict according to the law and the evidence."

**K.** Thanks and Goodbye *venire*.

---

All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the Court."

*** **Three-part test**.

"In order to succeed on a *Batson* challenge, a party must satisfy a three-part test. First, an objecting party must make a *prima facie* showing that a peremptory challenge was made on the basis of race. Second, if a *prima facie* showing has been made, the party striking the juror must offer a race-neutral basis for striking the juror in question. Third, the trial court must determine whether the objecting party has proven the ultimate question of purposeful discrimination. . . . We . . . strongly urge the district courts to make on-the-record rulings articulating the reasoning underlying a determination on a *Batson* objection." *Cook v. City of Bella Villa*, 582 F.3d 840, 854 (8th Cir. 2009).

**(2) DRAFT PRELIMINARY INSTRUCTIONS**

# PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen, I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.   Unless I specifically tell you otherwise, all these instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

I am the judge of the law and you are the judges of the facts.  As judges of the facts, it's your duty to determine the truth from the evidence and the reasonable inferences arising from the evidence.  In making your factual decisions, you must not engage in guess work or speculation.

This is a civil case.  As I said, in June 2007, Albert Ridgell was hired by the City of Pine Bluff, Arkansas, as the City Collector by then-mayor Carl Redus.  Debe Hollingsworth was elected mayor

in November 2012, and was sworn in the following January. About seven months later, in July 2013, Mayor Hollingsworth discharged Ridgell. He was reinstated in August, after appealing his discharge to the City Council. Ridgell was again discharged by Mayor Hollingsworth in October 2013. Ridgell contends that he was discharged because of his race, and in retaliation for having opposed discriminatory practices by Mayor Hollingsworth and Pine Bluff. Mayor Hollingsworth and Pine Bluff deny those claims. They say Ridgell was discharged for unsatisfactory job performance and insubordination.

From all the evidence, you will decide what the true facts are. You are entitled to consider all the evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw conclusions from facts that have been established by the evidence. You will then apply those facts to the law that I give you in these and in my other instructions,

and in that way reach your verdict.  While you are the sole judges of the facts, you must follow the law, as stated in my instructions, whether you agree with it or not.

Do not allow any sympathy or any prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Court's Draft Preliminary Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

# PRELIMINARY INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties—and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.     Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

Court's Draft Preliminary Instructions                    5:16-cv-73-DPM
3 May 2018                              *Albert Ridgell v. City of Pine Bluff et al.*

## PRELIMINARY INSTRUCTION NO. 3

In deciding what the facts are, you will have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, you should consider several things:  the witness's intelligence;  the opportunity the witness had to have seen or heard the things testified about;  the witness's memory;  any motives that witness may have for testifying a certain way;  the manner of the witness while testifying;  whether that witness said something different at an earlier time;  the general reasonableness of the testimony;  and the extent to which the testimony is consistent with other evidence that you believe.

A caution about considering a witness's demeanor while testifying.  Many folks are nervous just being in court.  And there

are bold liars and shy truth-tellers.  Use your common sense and be discerning when judging someone's credibility based on their demeanor on the stand.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood.  That may depend on whether it has to do with an important fact or only a small detail.

# PRELIMINARY INSTRUCTION NO. 4

The burden of proving a fact is placed upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by a "preponderance of the evidence" is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

If, on any issue of fact in the case, the evidence is equally balanced, you cannot find that fact has been proved. The preponderance of the evidence is not necessarily established by the greater number of witnesses or exhibits a party has presented.

You've probably heard of the term "proof beyond a reasonable doubt." This is a stricter standard, which applies in criminal cases. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

Court's Draft Preliminary Instructions       5:16-cv-73-DPM
3 May 2018       *Albert Ridgell v. City of Pine Bluff et al.*

# PRELIMINARY INSTRUCTION NO. 5

When the lawyers have finished questioning each witness, you may propose questions to clarify the testimony. In your questions, follow these rules:

- Don't express any opinion about the testimony;

- Don't argue with a witness; and

- Don't sign your name or juror number.

Submit your questions in writing by passing them to the Court Security Officer. I will review each one with the lawyers. If the question is proper, the lawyers or I will ask it.

Don't put any special weight on a question just because a juror suggested it. Don't put any special weight on the question because I may be the one asking it. And consider the witness's answer just like any other piece of evidence.

You may not get your question answered. For example, I may decide that the question is not proper under the rules of evidence.

Court's Draft Preliminary Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

And even if the question is proper, you may not get an immediate answer. For example, a later witness or a coming exhibit may provide the answer.

Don't feel slighted or disappointed if your question isn't asked or answered immediately. Remember, you are not advocates for either side; you are impartial judges of the facts.

Court's Draft Preliminary Instructions                    5:16-cv-73-DPM
3 May 2018                         *Albert Ridgell v. City of Pine Bluff et al.*

# PRELIMINARY INSTRUCTION NO. 6

At the end of the trial you must make your decisions based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself.  Don't share them with your fellow jurors during the trial.  When you go to the jury room to deliberate and decide the case at the end of the trial, then you can share them with each other.  And do not let note taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Court's Draft Preliminary Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

**PRELIMINARY INSTRUCTION NO. 7**

During the trial it will be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

# PRELIMINARY INSTRUCTION NO. 8

Finally, to ensure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the court security officer immediately.

Court's Draft Preliminary Instructions                    5:16-cv-73-DPM
3 May 2018                               *Albert Ridgell v. City of Pine Bluff et al.*

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might arise. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, it will be necessary for you to tell your family, friends, teachers, coworkers, or employer about your participation in this trial so that you can let them know you are required to be in court. You should warn them not to ask you about this case, not to tell you anything they know or think they know about this case, and

Court's Draft Preliminary Instructions      5:16-cv-73-DPM
3 May 2018      *Albert Ridgell v. City of Pine Bluff et al.*

not to discuss this case in your presence. You must not communicate with anyone about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.

During the trial, while you are in the courthouse, and after you leave for the day, do not provide any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell phone, a smart phone, iPad, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdict.

*Sixth,* do not do any Internet research—using Google, for example.  Do not do any research by using libraries, reading the newspapers, or in any other way making any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony. Also do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

**Ask each juror:  Juror No. —, on your oath, do you promise not to post anything about your jury service on any social media website such as Facebook, Twitter, Instagram, or the like during the trial?  On your oath, do you promise not to use the Internet to look up anything about the case, the matters discussed, the lawyers, Ridgell, Pine Bluff, Mayor Debe Hollingsworth, me, or the law?**

*Seventh,* do not read any news stories or articles in print, on the Internet, or in any blog, about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

Finally, I want to reiterate that, **before** the trial is over, you are bound by your oaths not to discuss the evidence with anyone — not even with a member of your family. And I think you can understand the fairness and reasonableness of that rule. When we

Court's Draft Preliminary Instructions                    5:16-cv-73-DPM
3 May 2018                    *Albert Ridgell v. City of Pine Bluff et al.*

start discussing the evidence and explaining the proof, there is a tendency to start making up our minds.  And you jurors are bound by your oaths to keep an open mind on all of the material issues in the case until you have heard, seen, or otherwise experienced **all** of the evidence, not just **some** of it;  until you have received the Court's final instructions as to the law;  and until you have had the benefit of the lawyers' closing arguments.

## PRELIMINARY INSTRUCTION NO. 9

Here is how the trial will go:

First, Ridgell's lawyer will make an opening statement. Next, one of the lawyers for Pine Bluff and Mayor Hollingsworth will make an opening statement. An opening statement is not evidence, but simply a summary of what the lawyer expects the evidence to be.

Ridgell's lawyer will then present evidence by calling witnesses, and one of the lawyers for Pine Bluff and Mayor Hollingsworth may cross-examine those witnesses. Following Ridgell's case, the lawyers for Pine Bluff and Mayor Hollingsworth will present evidence by calling witnesses, and Ridgell's lawyer may cross-examine those witnesses.

Finally, Ridgell's lawyer may offer rebuttal evidence.

After presentation of evidence is completed, the lawyers will make their closing arguments to summarize and interpret the

evidence for you.  As with opening statements, closing arguments are not evidence.

After the closing arguments, the Court will give you some final instructions.  Then you'll go to the jury room to deliberate on your verdict.

Court's Draft Preliminary Instructions                    5:16-cv-73-DPM
3 May 2018                                    *Albert Ridgell v. City of Pine Bluff et al.*

**(3) DRAFT FINAL INSTRUCTIONS**

# FINAL INSTRUCTION NO. 1

Members of the Jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others because all are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Nothing I say in the instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts. You will determine the facts. During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions that I hold any opinion on the matters to which my questions related.

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth about the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

# FINAL INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# FINAL INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated — that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained

5

an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

## FINAL INSTRUCTION NO. 4

Also, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Do not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

## FINAL INSTRUCTION NO. 5

In deciding what the facts are, you will have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider several things: the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with any evidence that you believe.

A caution about considering a witness's demeanor while testifying. Many folks are nervous just being in court. And there are bold liars and shy truth-tellers. Use your common sense and

8

be discerning when judging someone's credibility based on their demeanor on the stand.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

# FINAL INSTRUCTION NO. 6

The burden of proving a fact is placed upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by a "preponderance of the evidence" is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

If, on any issue of fact in the case, the evidence is equally balanced, you cannot find that fact has been proved. The preponderance of the evidence is not necessarily established by the greater number of witnesses or exhibits a party has presented.

You've probably heard of the term "proof beyond a reasonable doubt." This is a stricter standard, which applies in criminal cases. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

# FINAL INSTRUCTION NO. 7

Your verdict must be for Ridgell and against Pine Bluff on Ridgell's race discrimination claim if Ridgell has proved all of the following elements:

First, Pine Bluff fired Ridgell;

Second, Ridgell's race was a motivating factor in Pine Bluff's decision to fire him;

Third, Pine Bluff was acting under color of municipal law; and

Fourth, Pine Bluff fired Ridgell pursuant to Pine Bluff's official custom of discriminating against employees based on race.

Your verdict must be for Pine Bluff, however, if any of the four elements has not been proved, or if it has been proved that Pine Bluff would have fired Ridgell regardless of his race.

You may find that Ridgell's race was a "motivating factor" in the decision if it has been proved that the stated reasons for

Ridgell's discharge are not the real reasons, but are a pretext to hide race discrimination. Ridgell's race was a motivating factor if his race played a part in the decision to fire him. Ridgell's race can be a motivating factor even if it was not the only reason for the decision to fire him.

An "official custom" is a persistent and widespread practice which is so permanent and well settled as to have the force of law.

*Texas v. Lesage*, 528 U.S. 19 (1999).

*Lockridge v. Board of Trustees of the University of Arkansas*, 315 F.3d 1005 (8th Cir. 2003).

*Thelma D. ex rel. Delores A. v. Board of Education of the City of St. Louis*, 934 F.2d 929 (8th Cir. 1991).

# FINAL INSTRUCTION NO. 8

Your verdict must be for Ridgell and against Mayor Hollingsworth on Ridgell's race discrimination claim if Ridgell has proved all of the following elements:

First, Mayor Hollingsworth fired Ridgell;

Second, Ridgell's race was a motivating factor in Mayor Hollingsworth's decision to fire him; and

Third, Mayor Hollingsworth was acting under color of municipal law.

Your verdict must be for Mayor Hollingsworth, however, if any of the three elements has not been proved, or if it has been proved that Mayor Hollingsworth would have fired Ridgell regardless of his race.

You may find that Ridgell's race was a "motivating factor" in the decision if it has been proved that the stated reasons for Ridgell's discharge are not the real reasons, but are a pretext to hide

13

race discrimination. Ridgell's race was a motivating factor if his race played a part in the decision to fire him. Ridgell's race can be a motivating factor even if it was not the only reason for the decision to fire him.

*Hafer v. Melo*, 502 U.S. 21 (1991).

*Texas v. Lesage*, 528 U.S. 19 (1999).

*Lockridge v. Board of Trustees of the University of Arkansas*, 315 F.3d 1005 (8th Cir. 2003).

# FINAL INSTRUCTION NO. 9

Your verdict must be for Ridgell and against Pine Bluff on Ridgell's retaliation claim if he has proved all of the following elements:

First, Ridgell opposed discriminatory practices;

Second, Pine Bluff fired Ridgell;

Third, Ridgell's discharge might discourage a reasonable employee in the same or similar circumstances from opposing discriminatory practices;

Fourth, Ridgell would not have been fired but for his opposing discriminatory practices; and

Fifth, Pine Bluff fired Ridgell pursuant to Pine Bluff's official custom of retaliating against employees who oppose discriminatory practices.

If any of these five elements has not been proved, your verdict must be for Pine Bluff.

"But-for" causation doesn't require that Ridgell's opposition to discriminatory practices have been the only reason for his discharge. You may find that Ridgell would not have been fired but for his opposition to discriminatory practices if it has been proved that the stated reasons for Ridgell's discharge are not the real reasons but are a pretext to hide retaliation.

An "official custom" is a persistent and widespread practice which is so permanent and well settled as to have the force of law.

# FINAL INSTRUCTION NO. 10

Your verdict must be for Ridgell and against Mayor Hollingsworth on Ridgell's retaliation claim if he has proved all of the following elements:

First, Ridgell opposed discriminatory practices;

Second, Mayor Hollingsworth fired Ridgell;

Third, Ridgell's discharge might discourage a reasonable employee in the same or similar circumstances from opposing discriminatory practices; and

Fourth, Ridgell would not have been fired but for his opposing discriminatory practices.

If any of these four elements has not been proved, your verdict must be for Mayor Hollingsworth.

"But-for" causation doesn't require that Ridgell's opposition to discriminatory practices be the only reason for his discharge. You may find that Ridgell would not have been fired but for his

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

opposition to discriminatory practices if it has been proved that the stated reasons for Ridgell's discharge are not the real reasons but are a pretext to hide retaliation.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

# FINAL INSTRUCTION NO. 11

If you find in favor of Ridgell on his race discrimination claim or his retaliation claim, then you must award him a sum that you find will fairly and justly compensate him for damages you find he sustained as a direct result of Pine Bluff's or Mayor Hollingsworth's conduct. Damages include wages and fringe benefits you find Ridgell would have earned in his employment with Pine Bluff if he hadn't been fired. This amount should reflect the time period of 15 October 2013 (when Ridgell was fired) through today. You must subtract any earnings and benefits that Ridgell received from other employment during that time. Award only a net loss amount.

Damages also may include mental anguish, inconvenience, and other nonmonetary losses. If you find that Ridgell suffered any of these, you must enter separate amounts for each type and must include the same items in more than one category.

Ridgell has a duty under the law to mitigate his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that Ridgell failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount of the wages and fringe benefits Ridgell reasonably could have earned if he had sought out or taken advantage of such an opportunity.

Ridgell must prove his damages by a preponderance of the evidence. Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture. And you must not award any damages as punishment or because of sympathy.

If you do not find that Ridgell's damages have monetary value, then you must return a verdict for Ridgell in the nominal amount of One Dollar.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

# FINAL INSTRUCTION NO. 12

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Court's Draft Final Instructions
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fourth*, your verdicts must be based solely on the evidence and on the law that I have given to you in my instructions. The verdicts must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide. Your verdicts will be your answers to some questions. Please follow along with me as I read those questions.

*Finally*, these verdict forms are simply the written notice of the decision that you reach in this case. You will take the forms to the jury room; and when each of you has agreed on the answers, your foreperson will fill in the forms, sign and date them, and advise the court security officer that you are ready to return to the courtroom.

The court security officer, and all other persons, are forbidden from communicating in any way with any member of the jury on any subject touching the merits of this case. Also, you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the issues presented to you unless or until you reach a unanimous verdict.

## COURT SECURITY OFFICER OATH

Court security officer, do you solemnly swear or affirm to keep this jury together in the jury room, and not to permit any person to speak to or communicate with them concerning this case,

nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and to return them into the courtroom when they have so agreed, or when otherwise ordered by the Court?

# (4) DRAFT VERDICT FORMS

## VERDICT No. 1 — Pine Bluff

1.  On Ridgell's race discrimination claim against Pine Bluff, as submitted in Instruction No. 7, we find for:

    _____ Ridgell          _____ Pine Bluff

2.  On Ridgell's retaliation claim against Pine Bluff, as submitted in Instruction No. 9, we find for:

    _____ Ridgell          _____ Pine Bluff

**If you found for Ridgell on either Question 1 or Question 2, then answer Question 3. If you found for Pine Bluff on both Question 1 and Question 2, your deliberations on this Verdict are done. Go to Verdict No. 2.**

Court's Draft Verdict Forms
3 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

**3.** We find Ridgell's compensatory damages against Pine Bluff, as submitted in Instruction No. 11, to be:

Wages and Fringe Benefits: $_____

Mental Anguish, Inconvenience,
and Other Nonmonetary Loss: $_____

If you find Ridgell suffered damages but his damages have no monetary value, then enter a nominal damages amount of $1.00 as the total, as submitted in Instruction No. 11.

**Please sign and date this form.**

_____        _____
Foreperson                              Date

## VERDICT No. 2 — Hollingsworth

1.    On Ridgell's race discrimination claim against Hollingsworth, as submitted in Instruction No. 8, we find for:

_____ Ridgell          _____ Hollingsworth

2.    On Ridgell's retaliation claim against Hollingsworth, as submitted in Instruction No. 10, we find for:

_____ Ridgell          _____ Hollingsworth


**If you found for Ridgell on either Question 1 or Question 2, then answer Question 3. If you found for Hollingsworth on both Question 1 and Question 2, your deliberations on this Verdict are done.**

**3.** We find Ridgell's compensatory damages against Hollingsworth, as submitted in Instruction No. 11, to be:

Wages and Fringe Benefits:     $_____

Mental Anguish, Inconvenience,
and Other Nonmonetary Loss:     $_____

If you find Ridgell suffered damages but his damages have no monetary value, then enter a nominal damages amount of $1.00 as the total, as submitted in Instruction No. 11.

**Please sign and date this form.**

_____      _____

Foreperson               Date