IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERT RIDGELL                                                    PLAINTIFF

v.                              No. 5:16-cv-73-DPM

CITY OF PINE BLUFF, A Public Body
Corporate and Politic; and DEBE
HOLLINGSWORTH, In Her Individual
and Official Capacity as Mayor for the
City of Pine Bluff, Arkansas                                     DEFENDANTS

## ORDER

The Court appreciates the parties' recent filings, № 47 & № 48. The Court has revised the voir dire along the lines the Defendants proposed. Updated version attached, which the Court will use. The changes are on page 7. Because there's been no objection, the Court will lock in and give the preliminary instructions in № 46 at 12–32. The Court prefers its draft final jury instructions on the § 1981/§ 1983 issues. But, we will talk further about them during the trial before the Court comes to a final decision. The Defendants' record is preserved in any event.

On qualified immunity: Hollingsworth made no timely motion for it; this is an issue of law for the Court, not one of fact for the jury. Hollingsworth is, of course, free to move for judgment on this basis after Ridgell rests. And if she does, the Court will rule on the defense based on the record at that point.

So Ordered.

*DPMarshallJr*
D.P. Marshall Jr.
United States District Judge

15 May 2018

# (1) VOIR DIRE

Court's Draft Voir Dire
15 May 2018

5:16-cv-73-DPM
*Albert Ridgell v. City of Pine Bluff et al.*

A. Preliminaries

- Thank you for serving. Echo "Called to Serve."

- A morning of speaking the truth, *voir dire* = twelve people good and true.

- All week.

- Urgent or extraordinary obligations this week?

- Rules of the Road:

    - Can I be completely fair and impartial?

    - Can I decide the case based solely on the evidence seen and heard in this courtroom, the law as explained by the Court, and my common sense?

    - Questions and Answers. You = you and your immediate family.

    - Raise your hand, state your name, and answer.

- Can answer at the bench if uncomfortable answering a particular question in front of others.

- Eighteen, but all—Notepads.

- Questionnaires. Summary. Confirm lawyers have.

- Case Sketch—Not evidence, just background

    i. This is a civil case. In June 2007, Albert Ridgell was hired by the City of Pine Bluff, Arkansas, as the City Collector by then-mayor Carl Redus. Debe Hollingsworth was elected mayor in November 2012, and was sworn in the following January. About seven months later, in July 2013, Mayor Hollingsworth discharged Ridgell. He was

reinstated in August, after appealing his discharge to the City Council. Ridgell was again discharged by Mayor Hollingsworth in October 2013. Ridgell contends that he was discharged because of his race, and in retaliation for having opposed discriminatory practices by Mayor Hollingsworth and Pine Bluff. Mayor Hollingsworth and Pine Bluff deny those claims. They say Ridgell was discharged for unsatisfactory job performance and insubordination.

- Introductions

    - Plaintiff = Albert Ridgell

    Lawyer = Austin Porter Jr.

- Defendants = City of Pine Bluff, and

  Mayor Debe Hollingsworth

  Lawyers = Amanda LaFever & John Wilkerson

- Witnesses [Read Lists]

- Know the parties? Lawyers? Witnesses?

B. Call **Eighteen**, But All — Notepads

C. General Background Questions

- Know other panel members? Know lawyers or Court staff? Know witnesses?

- Legal training or experience? Deal with the law regularly through work?

- Prior jury service?

- Prior court experience? Sued or been sued? Witness?

- Religious convictions against sitting in judgment?

- Negative feelings about civil justice system?

- 5 -

Court's Draft Voir Dire  
15 May 2018

5:16-cv-73-DPM  
*Albert Ridgell v. City of Pine Bluff et al.*

- Too many lawsuits?

- If sue, then win?

D. Case-Specific Questions

**Remember, answer about you and your immediate family; approach to answer sensitive questions**

- Employed in personnel or human resources?

- Anyone ever employed by a city? A city-funded program? A county?

- Any prior experience with the Arkansas Municipal League? Ever worked for the League or done business with it? Arkansas Association of Counties? Southern States Police Benevolent Association?

- Anyone work regularly with Pine Bluff? With any city?

- Any experience with, or connection to, Pine Bluff?

- Any strong opinions about Pine Bluff?

- Any strong opinions about Mayor Hollingsworth?

- Anyone ever experienced race discrimination on the job? Gender discrimination?

- Anyone ever complained to your employer that you believed you had been discriminated against? Anyone ever filed a charge of discrimination with the Equal Employment Opportunity Commission?

- Anyone ever been fired? Anyone ever treated unfairly by an employer or supervisor? Disciplined unfairly?

- Anyone ever been retaliated against for opposing workplace discrimination?

E. Juror Question Time

F. The Unasked Question?

G. Lawyers' Follow-Up Questions? Fed. R. Civ. P. 47(a).

H. Strikes for Cause. Fed. R. Civ. P. 47(c).*

---

*Rule 47. Selecting Jurors

    (a) EXAMINING JURORS. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

    (b) PEREMPTORY CHALLENGES. The court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870.

    (c) EXCUSING A JUROR. During trial or deliberation, the court may excuse a juror for good cause.

*Allen v. Brown Clinic*, 531 F.3d 568, 572 (8th Cir. 2008).

"To challenge a juror for cause, a party must show actual partiality growing out of the nature and circumstances of the case. A district court is required to strike for cause any juror who is shown to lack impartiality or the appearance of impartiality, and, absent abuse of discretion, we will not interfere with the district court's determination of juror qualifications. The district court is given broad discretion in determining whether to strike jurors for cause because it is in the best position to assess the demeanor and credibility of the prospective jurors."

I.  Peremptory Challenges. Fed. R. Civ. P. 47(b).**

- Three each side.

- Challenging Strikes. Race or Gender? *Batson*.***

---

** **28 U.S.C. § 1870**

"In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the Court."

*** **Three-part test**.

"In order to succeed on a *Batson* challenge, a party must satisfy a three-part test. First, an objecting party must make a *prima facie* showing that a peremptory challenge was made on the basis of race. Second, if a *prima facie* showing has been made, the party striking the juror must offer a race-neutral basis for striking the juror in question. Third, the trial court must determine whether the objecting party has proven the ultimate question of purposeful discrimination. . . . We . . . strongly urge the district courts to make on-the-record rulings articulating the reasoning underlying a determination on a *Batson* objection." *Cook v. City of Bella Villa*, 582 F.3d 840, 854 (8th Cir. 2009).

- 9 -

Court's Draft Voir Dire  
15 May 2018

5:16-cv-73-DPM  
*Albert Ridgell v. City of Pine Bluff et al.*

**J.** Seat and Swear Jury.

"You and each of you do solemnly swear or affirm to well and truly try the matter now on trial and render a true verdict according to the law and the evidence."

**K.** Thanks and Goodbye *venire*.