IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERT RIDGELL                                          PLAINTIFF

v.                        No. 5:16-cv-73-DPM

CITY OF PINE BLUFF, A Public Body
Corporate and Politic; and DEBE
HOLLINGSWORTH, Individually                 DEFENDANTS

## ORDER

**1.** Pine Bluff moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or alternatively to alter or amend the judgment under Rule 59(e). The city's core argument is that, because the jury did not find Mayor Hollingsworth individually liable for race discrimination, there's no basis to find Pine Bluff liable for race discrimination under § 1983.

This argument is new. The city did not raise it in its proposed jury instructions or verdict forms. (The Court is adding the city's proposals to the docket as Court's Exhibit 15.) And this point wasn't argued at trial as a reason for judgment as a matter of law. Whether considered a matter of Rule 50(b) or 59(e), the party on the losing end of a jury's verdict generally can't make belated arguments that weren't made at trial. *Conseco Finance Servicing Corp. v. North American Mortgage Co.*, 381

F.3d 811, 821 (8th Cir. 2004); *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

Beyond the forfeiture of this point, and taking all reasonable inferences in Ridgell's favor, there's enough evidence to sustain the verdict against Pine Bluff. The law asks whether Pine Bluff's liability "was entirely dependent on [its] responsibility for [Mayor Hollingsworth's] alleged unconstitutional acts." *Speer v. City of Wynne*, 276 F.3d 980, 986 (8th Cir. 2002). A jury could reasonably conclude that this kind of dependence wasn't present here. Things didn't stop with Mayor Hollingsworth. The parties agree that she wasn't the final policymaker; her decision to fire Ridgell the first time was overturned by the city council; and the second time around, the city council ratified her decision.

As to Pine Bluff's argument about an official custom of discrimination, without making an exhaustive list, a reasonable jury could have found that one existed based on this evidence:

- The circumstances surrounding the 2005 termination of Kelven Hadley and the later jury verdict against Pine Bluff on his race discrimination claim;

- The circumstances surrounding the 2013 termination and replacement of Brenda Davis-Jones;

- How the city applied its personnel policies to Steve Miller, as compared to Ridgell; and

- Ridgell's testimony about Robert Tucker not being disciplined by the city for tardiness.

**2.** Ridgell is entitled to an attorney's fee and costs because he prevailed on his race discrimination claim against Pine Bluff. 42 U.S.C. § 1988(b). Ridgell's counsel, Austin Porter Jr., requests $76,545 for 218.70 hours of work at $350 an hour. The Court approved a $325 hourly rate for Mr. Porter in 2016; this generous rate was part of a global settlement involving many lawyers in a particularly tangled case. *LRSD v. PCSSD*, No. 4:82-cv-866-DPM, Order № 5254. A better comparison is the Court's 2015 approval of $250 per hour for Mr. Porter's work in that case. *Ibid.*, Order № 5095 at 5. Given the passage of time, the Court now approves a reasonable rate of $285 per hour. And, all material things considered, 218.70 hours is a reasonable amount of time to have spent on this case. Mr. Porter is a gifted, skilled, and experienced lawyer. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). His billing records reflect efficient work beginning in 2014 and culminating in a five-day jury trial. Ridgell's success wasn't across the board. He lost on retaliation. But there is so much overlap between the proof on that claim and the proof on discrimination that the Court declines to trim the lodestar. *Compare Hensley*, 461 U.S. at 435–36. The Court therefore awards Mr. Porter a $62,329.50 fee. The $424.76 requested as costs is awarded, too.

\* \* \*

Pine Bluff's motion for judgment as a matter of law or to alter or amend the judgment, № 74, is denied. Ridgell's motion for attorney's fees, № 79, is granted as modified. Pursuant to the Judgment, № 73, the Court awards Mr. Porter a reasonable attorney's fee of $62,329.50 and $424.76 in costs.

So Ordered.

*[signature: DPMarshall Jr.]*

D.P. Marshall Jr.
United States District Judge

<u>23 July 2018</u>